# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| TOM YERANSIAN,<br><br>    Plaintiff,<br><br>v.<br><br>B. RILEY & CO., LLC; FBR CAPITAL MARKETS & CO.; and B. RILEY FBR, INC.,<br><br>    Defendants. | 8:18CV304<br><br>MEMORANDUM AND ORDER |

On November 14, 2018, this Court dismissed this case (Filing No. 21) for lack of subject-matter jurisdiction and entered judgment (Filing No. 22). On defendants B. Riley & Co., LLC, FBR Capital Markets & Co., and B. Riley FBR, Inc.'s (collectively, "FBR") Motion to Dismiss (Filing No. 7), the Court concluded plaintiff Tom Yeransian ("Yeransian") had failed to establish his standing to bring the claims in his Amended Complaint (Filing 1-1). Yeransian did not move for leave to amend before dismissal.

Now pending before the Court are Yeransian's Motion to Alter or Amend Judgment Pursuant to Federal Rule of Civil Procedure 59(e) (Filing No. 23) and Motion to File Second Amended Complaint (Filing No. 25). Both motions are denied.

Yeransian first asks the Court to alter or amend its judgment dismissing his case. *See* Fed. R. Civ. P. 59(e). Whether to grant that motion is a matter committed to the broad discretion of this Court. *See, e.g.*, *Harris v. Ark. Dep't of Human Servs., Div. of Mental Retardation-Developmental Disabilities Servs.*, 771 F.2d 414, 417 n.3 (8th Cir. 1985). "Motions under Rule 59(e) 'serve the limited function of correcting manifest errors of law or fact or to present newly discovered evidence' and 'cannot be used to introduce new evidence, tender new legal theories, or raise arguments which could have been offered or

raised prior to entry of judgment.'" *Ryan v. Ryan*, 889 F.3d 499, 507 (8th Cir. 2018) (quoting *United States v. Metro. St. Louis Sewer Dist.*, 440 F.3d 930, 933 (8th Cir. 2006)).

Yeransian contends the Court committed a "manifest error of law" by dismissing "the complaint in which [he] demonstrated a direct harm will result . . . if FBR is allowed to collect money it is not entitled to." But instead of proving a manifest error of law, Yeransian merely rehashes—often verbatim—the same unpersuasive arguments previously considered and rejected by this Court in granting FBR's motion to dismiss. Yeransian has not presented a compelling reason to alter or amend the judgment.

Yeransian's post-judgment Motion to File Second Amended Complaint likewise falls short. Yeransian doggedly repeats the refrain that "motions for leave to amend should be freely granted." *See* Fed. R. Civ. P. 15(a)(2). But Yeransian did not request leave until almost a month after this case was dismissed and judgment was entered. That changes the analysis. *See, e.g.*, *U.S. ex rel. Roop v. Hypoguard USA, Inc.*, 559 F.3d 818, 823 (8th Cir. 2009) ("[I]nterests of finality dictate that leave to amend should be less freely available after a final order has been entered."); *Dorn v. State Bank of Stella*, 767 F.2d 442, 443 (8th Cir. 1985) (per curiam) ("[D]ifferent considerations apply to motions filed after dismissal.").

Dismissal terminates the right to amend under Rule 15(a). *Id.* "While 'a party may still file a motion for leave to amend and amendments should be granted liberally, such a motion would be inappropriate if the [district] court has clearly indicated either that no amendment is possible or that dismissal of the complaint also constitutes dismissal of the action.'" *Mountain Home Flight Serv., Inc. v. Baxter County*, 758 F.3d 1038, 1045 (8th Cir. 2014) (alteration in original) (quoting *Dorn*, 767 F.2d at 443). "This distinction—between a dismissal of a complaint and a dismissal of an entire action—depends on whether the court intended the dismissal to be a final, appealable order." *Geier v. Mo. Ethics Comm'n*, 715 F.3d 674, 677 (8th Cir. 2013).

In any event, post-dismissal motions for leave to amend are disfavored, and district courts "have considerable discretion to deny" them. *See United States v. Mask of Ka-Nefer-Nefer*, 752 F.3d 737, 742-43 (8th Cir. 2014) (explaining such motions must meet "the stringent standards governing the grant of Rule 59(e) and Rule 60(b) relief."); *accord Czeremcha v. Int'l Ass'n of Machinists & Aerospace Workers*, 724 F.2d 1552, 1554-55 (11th Cir. 1984) (concluding "this approach is consistent with Rule 15's liberal mandate that leave to amend be 'freely given when justice so requires,' without granting the plaintiff carte blanche power to reopen a case at will by filing an amendment").

Here, the Court dismissed this case and entered judgment on November 14, 2018. Yeransian made no effort to further amend his Amended Complaint before dismissal despite nearly four months' notice of possible deficiencies in his pleading identified in FBR's motion.[1] After his case was dismissed, Yeransian still sat on his hands for almost a month. He now requests leave to amend but ignores the distinctions between pre- and post-dismissal motions and between dismissing a complaint and dismissing a case. Put simply, Yeransian has failed to establish the propriety and prudence of his post-judgment motion under the circumstances of this case. *See, e.g.*, *Mountain Home*, 758 F.3d at 1045 (explaining a motion for leave to amend is inappropriate if the court has unequivocally dismissed the action and finding no abuse of discretion in denying a motion to amend following dismissal of the action).

Even if Yeransian had shown a tenable basis for his belated motion, the Court would still deny it. "A district court may appropriately deny leave to amend 'where there are compelling reasons such as undue delay, bad faith, or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the non-moving party, or futility of the amendment,' even when doing so will necessarily prevent resolution on the merits." *Ash v. Anderson Merchandisers, LLC*, 799 F.3d 957, 963 (8th Cir. 2015).

---

[1] Of course, the Court was "not obliged to invite" one. *Mask of Ka-Nefer-Nefer*, 752 F.3d at 742.

"Unexcused delay is sufficient to justify the court's denial" of a plaintiff's post-dismissal motion for leave to amend, "particularly when the plaintiff was put on notice of the need to change the pleadings before the complaint was dismissed, but failed to do so." *Moses.com Sec., Inc. v. Comprehensive Software Sys., Inc.*, 406 F.3d 1052, 1065 (8th Cir. 2005).

Yeransian received notice of possible pleading deficiencies in his Amended Complaint upon receiving FBR's motion to dismiss on July 19, 2018. Rather than amend under Rule 15(a), he made a tactical decision "to stand on and defend" the allegations in his Amended Complaint for months. *Mask of Ka-Nefer-Nefer*, 752 F.3d at 742. When that defense failed, Yeransian did not seek leave to amend until almost a month after the Court dismissed his case and entered judgment.

"Asserting simply that [his] claim[s] should be tested on the merits, [Yeransian] offer[s] nothing to explain why [his] litigation decisions did not amount to undue delay, or why the resulting delay was otherwise excusable." *Ash*, 799 F.3d at 964. What's more, Yeransian has not even responded to the flaws FBR identified in his proposed Second Amended Complaint.

Under these circumstances, the Court finds justice does not require granting Yeransian's post-judgment motion for leave to file his Second Amended Complaint. *See, e.g., id.* at 963-64 (affirming the denial of a post-judgment motion to amend where the motion to dismiss put the plaintiffs on notice that their allegations were deficient, yet the plaintiffs did not request leave to amend until after their claims were dismissed); *cf. Adams v. Am. Family Mut. Ins. Co.*, 813 F.3d 1151, 1155 (8th Cir. 2016) (concluding the district court did not abuse its discretion in denying a post-dismissal motion for leave to amend where the plaintiffs "sought to change their theory of liability after" the Court dismissed their petition).

Based on the foregoing,

IT IS ORDERED:

1. Plaintiff Tom Yeransian's Motion to Alter or Amend Judgment Pursuant to Federal Rule of Civil Procedure 59(e) (Filing No. 23) is denied.

2. Yeransian's Motion to File Second Amended Complaint (Filing No. 25) is denied.

Dated this 17th day of January 2019.

BY THE COURT:

Robert F. Rossiter, Jr.
United States District Judge